BARRANGER v. MIRE

(March 26, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Partnership—Par. 24, 25.**

An agreement to share profits creates a presumption of partnership, which may be overcome by proof of contrary intention of the parties.

2. **Louisiana Digest—Partnership—Par. 1, 4; Loan—Par. 1.**

An agreement whereby A advances to B $1000.00 which is to be returned to A in cash in one year together with one-fifteenth of the profits of a farming venture by B, without stipulating that A is to share in the losses of the venture is, not a partnership contract but a loan.

Appeal from Civil District Court, Division "B." Hon. Mark M. Boatner, Judge.

Action by Alvin H. Barranger against Richard E. Mire.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dart, Kernan & Dart, of New Orleans, attorneys for plaintiff, appellee.

Terriberry, Rice & Young, A. R. Martinez, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff sues on the following written instrument:

"New Orleans, 3-22-20. Received from A. H. Barranger the sum of one thousand dollars in consideration of which I, the undersigned, have given him a one-fifteenth (1/15) in all crops raised by me on Orange Grove Plantation. This includes cane, rice, corn and potatoes. Said one-fifteenth of profits (1/15) to be paid in cash at expiration of this year or when all crops have been gathered. In addition to one-fifteenth of profits, he is to be refunded the amount of his investment in cash. Richard E. Mire."

An exception of no cause of action was filed based upon the contention that the writing sued on plainly evidenced a partnership, for the liquidation of which plaintiff might sue, but not for a specific sum as against his partner. This exception was maintained, but on appeal to this court the judgment was reversed and cause remanded. See No. 8504 of the docket.

In our former opinion we held that an agreement to share profits created a presumption of partnership but that the presumption might be repelled by special circumstances obtaining. See authorities there cited.

The case is now before us on the merits, defendant having appealed from a judgment awarding plaintiff $1000.00.

It appears that plaintiff and defendant were both employed in the City of New Orleans by the same firm and that their duties required them to take frequent trips about the surrounding country, sometimes together. They became intimate and Mire told Barranger of his successful venture in rice and sugar planting and of his large profits. Barranger desired to share in the next year's profit, which seemed almost certain because of the extraordinary prices prevailing in the sugar and the rice markets. Mire says that Barranger begged to be "let in" on the transaction and Barranger that Mire sought him out and borrowed $1000.00. Be that as it may, the money was given to Mire and used in the cultivation of the crop which Mire alone managed and with disastrous financial results. The high prices of the pre-

vious year suddenly became very low, weather conditions were unfavorable and with a short crop, and shorter price, Mire lost all of his profits of the previous year, all his capital and wound up heavily in debt.

We believe the character of plaintiff's investment, whether a loan or partnership, to be doubtful.

The determining factors with us are first, the finding of the trial judge, upon which we place more than the customary dependence because the character of plaintiff's relation to defendant's farming venture turns upon the credit to be given the conflicting testimony of plaintiff and defendant.

Second, we find no satisfactory explanation of the clause in the receipt, which was written by defendant, which guaranteed the return of plaintiff's $1000.00 consistent with the view that the transaction was a partnership. Defendant says that it was put in the receipt in response to plaintiff's desire to liquidate his interest in the partnership, in money, at the expiration of the year. In other words, defendant claims that his farming implements, mules, etc., were worth $14,000.00, and in allowing plaintiff to invest $1000.00 the partnership capital became $15,000.00 and plaintiff's share became one-fifteenth (1/15). But instead of requiring a sale of the partnership assets in order to liquidate plaintiff's interest, he was to be allowed his money back.

The difficulty with this explanation is, that there is nothing in the receipt, prepared by defendant, which makes the slightest reference to it, but instead "he is to be refunded the amount of his investment in cash" and this "in addition to one-fifteenth of profits."

If we are mistaken in our conclusion and defendant held to a responsibility he did not contemplate, his dilemma, we can not refrain from observing, is entirely due to his failure to consult his very able counsel before, instead of after, attempting to reduce to writing his oral agreement with plaintiff. To paraphrase the familiar adage "an ounce of legal prevention is worth a pound of legal cure."

For the reasons assigned the judgment appealed from is affirmed.